**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cesar Fierros, | No. CV-25-00439-TUC-SHR |
| Plaintiff, | **ORDER** |
| v. | |
| CubeSmart Asset Management LLC, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. 14.)  The Motion is fully briefed. (Docs. 14, 15, 18.)  For the following reasons, the Court will deny Defendant's Motion.

### I.    Background

On August 5, 2025, Plaintiff filed a Complaint against Defendant alleging Defendant auctioned off Plaintiff's personal property in violation of the Servicemembers Civil Relief Act (SCRA), 50 U.S.C. § 3958(a)(1).  (Doc. 1.)  After Defendant failed to respond, and pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk of Court entered default against Defendant on October 2, 2025.  (Doc. 7.)  Upon stipulation of the parties, the Court set aside the Clerk's Entry of Default on October 31, 2025, and let the case proceed.  (Doc. 9.)  Plaintiff then filed his First Amended Complaint on December 5, 2025.  (Doc. 11.)

Plaintiff's First Amended Complaint alleges Defendant—a storage unit

management corporation—violated § 3958(a)(1) of the SCRA and was negligent by foreclosing on his property without judicial approval while he was an active-duty servicemember. (Doc. 11.) Plaintiff alleges he was storing personal property, including Marine Corps Forces Special Operations Command (MARSOC) central issue facility gear, family memorabilia, and other personal belongings, in a unit at Defendant's facility pursuant to a rental agreement between Defendant and Plaintiff's wife. (*Id.*) The rental agreement states, in the event of default, Defendant shall have "a lien on all [storage-unit] contents, whether or not owned by [the contracting] customer." (Doc. 14-2 at 3, 5.)[1] After Plaintiff and his wife failed to make monthly payments for the storage unit, Defendant auctioned off all property within the unit using an online auction forum. (Doc. 11 at 5.) Plaintiff alleges, as a result of Defendant's actions, he faced disciplinary sanctions and suffered reputational damage, including being relieved from his duties as a MARSOC recruiter, having his Military Occupational Specialty reclassified, having his Marine Special Operations Insignia revoked, and receiving a judge-ordered reduction of rank resulting in a pay decrease. (*Id.* at 6.) On December 19, 2025, Defendant filed its Motion to Dismiss the First Amended Complaint, arguing its auction of Plaintiff's property did not violate the SCRA and it owed no duty to Plaintiff. (Doc. 14.)

## II.   Legal Standard

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence

---

[1]Defendant includes a copy of the rental agreement in its Motion to Dismiss. (Doc. 14-2.) When ruling on a motion to dismiss pursuant to Rule 12(b)(6), if a district court considers evidence outside the pleadings, it must normally convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment and give the nonmoving party an opportunity to file a response. *See* Fed. R. Civ. P. 12(d). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Because the rental agreement is central to Plaintiff's Complaint, the Court will treat the document as part of the Complaint and assume its contents are true for purposes of Defendant's Motion to Dismiss. *See id.* at 908.

of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint need contain only "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001). If the court finds a plaintiff does not allege enough facts to support a cognizable legal theory, the court may dismiss the claim. *SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991).

### III.   Discussion

In its Motion to Dismiss, Defendant argues Plaintiff was a "stranger to the [rental] agreement" and therefore fails to state a claim under the SCRA, which, Defendant contends, requires privity of contract with the lienholder. (Doc. 14 at 2, 10.) Defendant further contends it owed Plaintiff no duty of care because Defendant's rental agreement for the storage unit was with Plaintiff's wife, not Plaintiff. (*Id.* at 12–13.)

The SCRA provides temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service. 50 U.S.C. § 3902. Under § 3958, a "person holding a lien on the property or effects of a servicemember may not, during any period of military service of the servicemember and for 90 days thereafter, foreclose or enforce any lien on such property or effects without a court order granted before foreclosure or enforcement." § 3958(a)(1). The plain text of the SCRA makes it clear that a lien against an active servicemember may be foreclosed only if judicial proceedings are undertaken and a court order is issued. Consequently, a lienholder is generally prohibited from foreclosing on a

lien without judicial review against property owned by an active-duty servicemember.

Accepting the Complaint's allegations as true, Plaintiff has plausibly alleged Defendant possessed a lien on the property within the storage unit, including Plaintiff's property, and enforced such lien by selling the property while Plaintiff was an active-duty servicemember. *See* § 3958(a). Contrary to Defendant's assertions, Plaintiff's allegations are sufficient to allege a violation of the SCRA regardless of whether there was privity of contract between Plaintiff and Defendant. *See id.*

Regarding Plaintiff's negligence claim, Defendant asserts the claim fails because "a negligence claim requires a duty imposed by law" and "Plaintiff never had any contractual relationship with [Defendant] concerning" the storage unit, "and therefore, [Defendant] never owed him any duties with respect to" the unit. (Doc. 14 at 12–13.) As discussed above, Plaintiff has stated a claim under the SCRA regarding Defendant's sale of his personal property within the unit, and, consequently, has sufficiently alleged a negligence claim arising from Defendant's potential statutory violation.

**IV.   Conclusion**

**IT IS ORDERED** Defendant's Motion (Doc. 14) is **DENIED.**

**IT IS FURTHER ORDERED** Defendant's Motion to Dismiss (Doc. 10) is **DENIED AS MOOT** because it relates to Plaintiff's original Complaint (Doc. 1).

Dated this 18th day of June, 2026.

Honorable Scott H. Rash
United States District Judge